IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TYRE T. WATKINS, #184 333　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　 ) CIVIL ACTION NO.:  2:10-CV-286-MHT
　　　　　　　　　　　　　　　　)　　　　　　[WO]
　　　　　　　　　　　　　　　　)
THOMAS BAILEY, *et al*.,　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　 )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate, challenges the constitutionality of actions taken against him during his incarceration at the Easterling Correctional Facility in Clio, Alabama.[1]　　Named as defendants are Correctional Officers Thomas Bailey, Lester Grimsley, Steven Canty, Christopher Kincey,[2] Randy Daniels, and Joseph Whitehead, and Sergeant Larry Peavy.  Plaintiff  complains that on March 4, 2010 Defendants Canty, Bailey, Kincey, and Grimsley utilized excessive force against him.  He further alleges that on the same date Defendants Grimsley, Kincey, Whitehead, Daniels and Peavy witnessed Officer Bailey subject Plaintiff to an instance of excessive force and failed to intervene.  For relief, Plaintiff  indicates his desire to sue Defendants and requests a jury

---

[1] In accordance with the prior orders and proceedings of the court, the captioned action was consolidated with *Watkins v. Bailey, et al*., Civil Action No. 2:10-CV-475-MHT (M.D. Ala.) which Plaintiff originally filed in the United States District Court for the Northern District of Alabama on April 14, 2010.  That court transferred the complaint to this court by order filed June 1, 2010.

[2] Plaintiff erroneously identified this defendant in the complaint as Officer "McKenzie."

trial.[3]

In accordance with the orders of the court, Defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Plaintiff that Defendants' special report, may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a response to the special report filed by Defendants. This case is now pending on Defendants' motion for summary judgment. Upon consideration of the motion, Plaintiff's opposition to the motion, and the supporting and opposing evidentiary materials, the court concludes that Defendants' motion for summary judgment is due to be denied.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

---

[3]The court notes Plaintiff's request to "sue or prosecute [defendants] or both." (*CA No. 10CV475 at Doc. No. 1*; *see also CA No. 10CV286 at Doc. 9*.) However, a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981).

material fact and the movant is entitled to judgment as a matter of law.").[4]  The party moving

for summary judgment "always bears the initial responsibility of informing the district court

of the basis for its motion, and identifying those portions of the [record, including pleadings,

discovery materials and affidavits], which it believes demonstrate the absence of a genuine

issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The movant may meet this burden by presenting evidence indicating there is no dispute of

material fact or by showing that the nonmoving party has failed to present evidence in support

of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of any

genuine dispute of material fact.  Thus, the burden shifts to Plaintiff to establish, with

appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.

*Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324;

Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to

properly address another party's assertion of fact by [citing to materials in the record including

affidavits, relevant documents or other materials] the court may ... grant summary judgment

if the motion and supporting materials -- including the facts considered undisputed -- show that

the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving

---

[4]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision ©, changing only one word – genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id.*  "'Shall' is also restored to express the direction to grant summary judgment." *Id.*  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

party produces evidence that would allow a reasonable fact-finder to return a verdict in its

favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal

citation omitted). Consequently, to survive Defendants' properly supported motion for

summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which

would be admissible at trial supporting his claims of constitutional violations. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.

"If the evidence [on which the nonmoving party relies] is merely colorable ... or is not

significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere

'scintilla' of evidence supporting the opposing party's position will not suffice; there must be

enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v.*

*Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v.*

*Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective

beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not

suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates,*

*Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th

Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary

judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11ᵗʰ Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11ᵗʰ Cir. 1990).  Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of

6

elementary principles of production and proof in a civil case.

After careful review of the motion for summary judgment and the Plaintiff's opposition, the court concludes that the Plaintiff has demonstrated a genuine dispute of material fact which precludes entry of summary judgment on his excessive force claim against Defendants Canty, Bailey, Kincey, and Grimsley and his failure to protect claim against Defendants Grimsley, Kincey, Whitehead, Daniels, and Peavy. Thus, the motion for summary judgment is due to be granted in part and denied in part.

## II.  DISCUSSION

*A.  Absolute Immunity*

To the extent the alleged constitutional violations Plaintiff lodges against Defendants are made against them in their official capacities, they are entitled to absolute immunity from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900,  908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress

has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing,  Defendants sued in their official capacities are entitled to sovereign immunity under the Eleventh Amendment for the claims seeking monetary damages from them  for alleged violations of Plaintiff' constitutional rights. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).

## B.  Qualified Immunity

With respect to Plaintiff's excessive force and failure to protect claims lodged against Defendants in their individual capacities, they argue they are entitled to qualified immunity. However, "'there is no room for qualified immunity' in Eighth Amendment ... excessive force cases because they require a subjective element that is 'so extreme' that no reasonable person could believe that his actions were lawful. *Johnson v. Breeden*, 280 F.3d 1308, 1321-22 (11th Cir. 2002)." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008).  "Moreover, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002).  Thus, a qualified immunity defense is not available when a plaintiff properly pleads the use of excessive force and the

8

only question for a federal district court is whether the plaintiff has alleged facts sufficient to survive a motion for summary judgment.  *Id.* at 1302; *see also Hudson v. McMillian,* 503 U.S. 1, 9-10 (1992); *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).  Accordingly, this court will consider whether Plaintiff's allegation that Defendants Canty, Bailey, Kincey, and Grimsley used excessive force against him and that  Defendants Grimsley, Kincey, Whitehead, Daniels, and Peavy witnessed an attack on Plaintiff by Officer Bailey and failed to intervene, which the court must take as true for purposes of summary judgment, sets forth a violation of his Eighth Amendment rights.


*C.  Excessive Force Claim*

For reasons Plaintiff states were  unknown to him,  Officer Canty told him to pack up his property the morning of March 4, 2010 and report to the Shift Commander's office. En route, Officer Canty grabbed Plaintiff's arm and ran his head into a door as they exited the dorm.  After they entered the lobby of  D Dorm, Plaintiff was taken to a room where he was attacked by Officers Canty, Grimsley, Kincey, and Bailey.  Specifically, Plaintiff asserts he was pushed down, hit in the face, and kneed in the back which  caused him to bust his mouth on the floor. Sergeant Ibeth Jones entered the room and told the guards to stop at which time Plaintiff was handcuffed. As he was pulled from the floor  Officer  Bailey told Plaintiff he was "going to take another ass wiping."  Plaintiff was then escorted to B Dorm Segregation Unit. As Plaintiff  entered the segregation unit ,and while still handcuffed, someone pushed him

down.  Officer Bailey  grabbed Plaintiff and "started to knee [him] in [his] face over and over again."  The guard proceeded to pull Plaintiff to his feet and "started to smack [him] over and over again" while Officers Grimsley, Kincey, Daniels, and Whitehead, and Sgt. Peavy stood by and watched the assault.  Plaintiff was then placed in a chair where he remained for approximately 20 minutes before being escorted to the infirmary for a body chart.  (*CA No. 10CV286 - Doc. No. 9 at 3;  CA No. 10CV475 - Doc. No. 1 at 4.*)

According to Defendants, on March 4, 2010 at 10:45 a.m., Officer Canty entered Dorm D2 to conduct a search of an inmate suspected of possessing tobacco.  After Plaintiff began alerting other inmates to Officer Canty's presence in a loud manner, the guard ordered Plaintiff to cease his actions.  Plaintiff refused  prompting Officer Canty to direct Plaintiff  to turn around and place his hands on the wall.   Instead of complying with this directive, Officer Canty states Plaintiff turned aggressively towards him and attempted to strike him with his fist. The officer  grabbed Plaintiff's right hand and Officer Bailey, who had reported to the dorm earlier per Officer Canty's request, grabbed Plaintiff's left hand. As Officers Canty and Bailey escorted Plaintiff from the dorm, he pulled away from them and swung his fist at Officer Bailey. Officer Canty grabbed Plaintiff's right arm and placed him face first on the floor. Plaintiff continued to resist Officers Bailey's  and Canty's attempts to  handcuff him.  At this point Sergeant Ibeth Jones entered the dorm and ordered Plaintiff to cease resisting the guards efforts to handcuff him and to place his hands behind his back. Because Plaintiff continued to be combative, Officer Grimsley  assisted Officers Canty and Bailey by restraining Plaintiff's

upper shoulder area on the floor with both hands.  The guards were finally able to handcuff and secure Plaintiff. Officers Kincey and Bailey then escorted Plaintiff to the segregation unit. Once in the segregation unit Officer Bailey indicates that Plaintiff snatched away from him prompting Officer Bailey to secure him by putting him against a wall.  Plaintiff was processed into the segregation unit and then escorted to the infirmary for a body chart.  (*Doc. No. 38, Exhs. A-G.*)

At the infirmary, Plaintiff informed medical personnel that he was "alright" and that he had "hit the floor face first."   Plaintiff's upper and lower lips exhibited some swelling and dried blood. His inside lower lip had cut areas which medical staff indicated were caused by his teeth.  Medical personnel observed some slight swelling and redness to Plaintiff's right shoulder and a small scratch on his left wrist.  No other cuts, bruises, or abrasions were noted. Plaintiff's cuts were cleaned, a band aid applied to the scratch on his wrist, and the cuts on his lip were rinsed with a solution of water and hydrogen peroxide.  X-rays of Plaintiff's right shoulder, right hand, and wrist were ordered.  (*Doc. No. 38, Exh. H.*)

Claims of excessive force by prison officials against convicted inmates are governed by the Eighth Amendment's proscription against cruel and unusual punishment.  *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999).  The standard applied to an Eighth Amendment excessive force claim contains both a subjective and objective component. *Hudson*, 503 U.S. at 8.  The subjective component requires that prison "officials act[ed] with a sufficiently culpable state of mind."  *Id*.  (internal quotations omitted).  With respect to the

objective component, a plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. However, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Id*. at 4. "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, _____ U.S. _____, 130 S.Ct.1175, 1178-1179 (2010).

Plaintiff complains that on March 4, 2010 Officers Canty, Baily, Kincey, and Grimsley used excessive force against him without provocation and for no reason. (*CA No. 10CV286 - Doc. No. 9; CA No. 10CV475 - Doc. No. 1*.) He maintains that he did not alert inmates to Officer Canty's presence in the dorm on the day in question, nor, he states, was he ordered to turn around and place his hands against the wall. Plaintiff has not disputed Officer Canty's statements that he attempted to strike him as well as Officer Bailey and exhibited resistance to initial orders that he allow himself to be handcuffed. He does maintain, however, that he was not exhibiting any resistance to Officer Canty as they were exiting D Dorm but the guard, nonetheless, proceeded to run his head into the door of D Dorm. At this point, Plaintiff claims Officers Canty, Bailey, Kincey, and Grimsley attacked him and thereafter placed him in handcuffs. After arriving in the lobby of B Dorm and while still in handcuffs, Plaintiff asserts Officer Bailey attacked him again while Officers Kincey, Grimsley, Whitehead, and Daniels, and Sgt. Peavy watched the assault without intervening.

(*See CA No. 10CV286 at Doc. No. 9, Ca No. 10CV475 at Doc. No. 1, Doc. No. 52*.)

Defendants deny the allegations made against them and maintain they did not violate Plaintiff's constitutional rights. Further, Defendants maintain that the only amount of force utilized was that amount  necessary to gain control of Plaintiff and place him in restraints.

 (*Doc. No. 38, Exhs. A-G*.)

Plaintiff's medical records indicate he received minor injuries during the March 4, 2010 incident.  In light of *Wilkins*, the minor nature of an inmate's injuries is not dispositive of an excessive force claim. *Wilkins*, 130 S.Ct. at 1177 (Dismissal of "a prisoner's excessive force claim based entirely on ... [a] determination that his injuries were '*de minimis*' [is improper] ... [as it] is at odds with *Hudson's* direction to decide excessive force claims based on the nature of the force rather than the extent of the injury...."). The nature of the injuries suffered by Plaintiff will, however, remain relevant to whether Officers Canty, Bailey, Grimsley, and Kincey actually used force as described by Plaintiff and whether they acted "'maliciously and sadistically'...." *Id*. at 1180.  Additionally, the "relatively modest nature of [Plaintiff's'] injuries will no doubt limit the damages he may recover." *Id*.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir.1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).  To determine if an application of force was applied maliciously and sadistically to cause harm, a

13

variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996).  From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur."  *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301.

Here, Plaintiff maintqains that during the March incident Officer Canty ran his head into a door for no reason and when he was not exhibiting any resistance. This act was followed by an attack on Plaintiff by Officers Grimsley, Kincey, Canty, and Bailey.  After arriving at the B Dorm segregation lobby, Officer Bailey kneed Plaintiff repeatedly in the face while he was handcuffed and  on the ground and then pulled him to his feet and repeatedly smacked him in the face as Officers Grimsley, Whitehead, Kincey, and  Daniels, and Sgt. Peavey stood by and watched.  (*CA No. 10CV286 - Doc. No. 9 ;  CA No. 10CV475 - Doc. No. 1, Doc.  No. 52.*)  As explained, Defendants have denied Plaintiff's allegations regarding the use of force and maintain at no time during the incident in question was  more force used then necessary to subdue and gain control of Plaintiff.  Viewing the facts in the light most favorable to Plaintiff, as the court must at this stage in the proceedings, the court concludes Officers Bailey, Canty, Grimsley, and Kincey are  not entitled to qualified immunity as Plaintiff has alleged facts sufficient to survive these Defendants' motion for

summary judgment regarding the excessive force claim lodged against them.  *Skrtich*, 280 F.3d at 1301.  Specifically, disputed issues of material fact exist regarding the use of force and whether Officers Bailey, Canty, Grimsley, and Kincey acted "maliciously and sadistically" to cause harm.  Consequently, the motion for summary judgment with respect to the excessive force claim presented against Defendants Bailey, Canty, Grimsley, and Kincey in their  individual capacities is due to be denied.


*D.  Failure to Protect*

Plaintiff maintains that Officers Kincey, Grimsley, Daniels, and Whitehead, and Sgt. Peavy failed to protect him from the assault by Officer Bailey in the B Dorm Segregation lobby.  Specifically, Plaintiff indicates that upon entering the segregation unit lobby and while handcuffed, he was pushed down and then Officer Bailey began kneeing him in the face over and over again. The guard  pulled Plaintiff to his feet and proceeded to hit him over again with his hand while  Officers Kincey, Grimsley, Whitehead, and Daniels, and Sgt. Peavy stood by and watched the assault.  (*CA No. 10CV286 - Doc. No. 9 ;  CA No. 10CV475 - Doc. No. 1, Doc. No. 52*.)

Defendants argue that they are protected by qualified immunity.  As noted, however, a defense of qualified immunity is generally unavailable in cases involving excessive force because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation.  *Skrtich*, 280 F.3d at 1301 (11th Cir. 2002).  A defendant is  not

entitled to qualified immunity when a plaintiff properly pleads excessive force resulting from a failure to protect by the defendants. As discussed, *infra*, Plaintiff has properly pled his claim for relief. Thus, the only question in this case is whether he has alleged facts sufficient to survive a motion for summary judgment. *Id.* Accordingly, this court will consider the sufficiency of Plaintiff's allegations that Officers Kincey, Grimsley, Whitehead, and Daniels, and Sgt. Peavy failed to protect him from the use of excessive physical force. Jail officials may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(*en banc*), *quoting Farmer*, 511 U.S. at 844. Thus, in order to survive summary judgment on this claim, Plaintiff is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could

be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

Plaintiff asserts that Officers Kincey, Grimsley, Whitehead, and Daniels, and Sgt. Peavy acted with deliberate indifference by failing to protect him from Officer Bailey's use of excessive physical force in the B Dorm segregation unit. Officers  Grimsley, Whitehead, and Daniels, and Sgt. Peavy deny witnessing anyone strike or hit Plaintiff during the March 4 incident.  Officer Kincey denies violating Plaintiff's constitutional rights. (*Doc. No. 38, Exhs. A-G.*)

Based on the previous discussion regarding Officer Bailey's  alleged use of excessive physical force on Plaintiff at the B Dorm Segregation Unit, the facts, when viewed in the light most favorable to Plaintiff,  establish that Officers Kincey, Grimsley, Whitehead, and Daniels, and Sgt. Peavy, however, had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Plaintiff, that these defendants  actually drew this inference, and thereafter, ignored this risk.  The allegations in Plaintiff's complaint, taken by the court as true at this juncture, indicate that Officers Kincey, Grimsley, Whitehead, and Daniels, and Sgt. Peavy were  present during Officer Bailey's assault on Plaintiff and yet they stood there and watched without intervening. The court, therefore, concludes that Officers Kincey, Grimsley, Whitehead, and Daniels, and Sgt. Peavy are not entitled to  qualified immunity as Plaintiff has alleged facts sufficient to survive a motion for summary judgment.

17

Consequently, the motion for summary judgment relative to the alleged deliberate indifference to Plaintiff's safety by Defendants  Kincey, Grimsley, Whitehead, Daniels, and Peavy is due to be denied.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (*Doc. No. 38*) with respect to  claims for monetary damages lodged against them in their official capacities be GRANTED as Defendants are entitled to absolute immunity from these claims;

2.  The motion for summary judgment filed on behalf of Defendants Canty, Bailey, Kincey, and Grimsley (*Doc. No. 38*) with respect to Plaintiff's excessive force claims lodged against these defendants in all aspects of their individual capacities be DENIED;

3.   The motion for summary judgment filed on behalf of Defendants Kincey, Grimsley, Whitehead, Daniels, and Peavy (*Doc. No. 38*) with respect to Plaintiff's claim that they failed to protect him from Officer Bailey's use of excessive force in B Dorm Segregation Unit  be DENIED in all aspects of their  individual capacities;

4.  This case be set for a set for a jury trial before the district judge assigned to this case on Plaintiff's excessive force claims against Defendants Canty, Bailey, Kincey, and Grimsley, and Plaintiff's failure to protect claim against Defendants Kincey, Grimsley, Whitehead, Daniels, and Peavy.

It is further

ORDERED that on or before **November 21, 2012** the parties may file objections to the Recommendation.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of November, 2012.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE